UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-25008

ALBERTO MOJICA,

    Plaintiff,

vs.

VICTORY CONTRACTORS, INC,
and MANUEL ALAMEDA

    Defendants.
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, Alberto Mojica, sues Defendants, Victory Contractors, Inc., and Manuel Alameda, based on the following good cause:

### *PARTIES, JURISDICTION, AND VENUE*

1. **Plaintiff, Alberto Mojica**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendants, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. **Defendant, Victory Contractors, Inc. is** a *sui juris* Florida For-Profit Corporation that regularly transacts business in Miami-Dade County.

3. **Defendant, Manuel Alameda,** was and is the owner / officer / director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers as that term "employer" is defined by 29 U.S.C. §203 (d).

5. All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

## *Background Facts*

8. Defendants have been at all times material engaged in interstate commerce in the course of the goods and services they render for which, traditionally, cannot be performed without using materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants also communicate with their workers by regularly and routinely using telephone, Internet, and/or facsimiles.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. In particular, Defendants own and operate a home remodeling business that uses tools, machinery, equipment, lumber, and materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida before being in this District to engage in interstate commerce, in order to offer their services to their customers located throughout the State of Florida.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, such as hammers, tools, paint, and machinery, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Plaintiff was a Laborer and his duties included but were not limited to, remodeling, painting, performing demolition work, breaking down old structures and hauling materials away in preparation for some renovation projects, and so much more.

14. Plaintiff worked for Defendants between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019.

15. Between the period of on or about March 1, 2018, through on or about July 31, 2018, and the between the period of on or about September 16, 2019, through on or about November 18, 2019, Defendants required that Plaintiff work at different home sites throughout the State of Florida.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each workday, such records are in the exclusive custody of the Defendants.

17. Defendant agreed to pay Plaintiff at an hourly rate of $18.75 per hour.

18. Between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, Plaintiff's overtime rate was $28.13 per hour for hours worked in excess of 40 hours each work week.

19. Between the period of on or about March 1, 2018, through July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, Plaintiff worked approximately eighty-four (84) hours each work week.

20. Between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, Plaintiff was never compensated for approximately forty-four (44) of hours overtime worked in each work week.

21. Therefore, between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, Plaintiff is owed compensation for working approximately forty-four (44) hours of overtime worked in each work week at his overtime rate of $28.13 per hour.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1-21 set forth fully herein and further alleges as follows:

22. Plaintiff therefore claims the time-and-a-half overtime rate compensation for working approximately forty-four (44) hours of overtime worked in each work week between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, as required by the Fair Labor Standards Act.

23. Plaintiff alleges he notified Defendants on various occasions about the discrepancy, but Defendants refused to pay him.

24. Defendants willfully and intentionally refused to pay Plaintiff's said overtime wages between the period of on or about March 1, 2018, through on or about July 31, 2018, and again between the period of on or about September 16, 2019, through on or about November 18, 2019, as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act, and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

25. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, Plaintiff, Alberto Mojica, demands the entry of judgment in his favor and against the Defendants, Victory Contractors, Inc., and Manuel Alameda, after trial by jury and as follows:

   a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C § 216:
   b. That Plaintiff recover prejudgment interest if he is not awarded liquidated damages;
   c. That Plaintiff recover an award of reasonable attorney fees, costs, and expenses pursuant to the FLSA;
   d. That Defendants be ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;
   e. That Plaintiff recover all interest allowed by law; and

    f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 5th day of December, 2019.

                Respectfully submitted,

                By: */s/ Gadiel A. Espinoza, Esq.*
                Gadiel A. Espinoza, Esq.
                Florida Bar No. 121831
                gadiel@PereGonza.com

                **PEREGONZA LAW GROUP, PLLC**
                1414 NW 107th Ave, Suite 302
                Doral, FL 33172
                Tel. (786) 650-0202
                Fax. (786) 650-0200
                Email: office@peregonza.com
                Attorneys for Plaintiff