UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-25008

ALBERTO MOJICA,

    Plaintiff,

vs.

VICTORY CONTRACTORS, INC,
and MANUEL ALAMEDA

    Defendants.
_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, ALBERTO MOJICA (hereinafter referred to as "Plaintiff"), on behalf of himself, by and through the undersigned counsel, files this Complaint against Defendants VICTORY CONTRACTORS INC, a Florida Profit Corporation, (hereinafter referred to as "Corporate Defendant") and MANUEL ALAMEDA (hereinafter referred to as "Alameda") collectively ("DEFENDANTS") and states as follows:

### *PARTIES, JURISDICTION, AND VENUE*

1. Plaintiff was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of the Defendants, as the term "employee" is defined by 29 U.S.C § 203 (e) who consents to participate in this lawsuit.

2. Defendant VICTORY CONTRACTORS is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

3. VICTORY CONTRACTORS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

4. Defendant, Manuel Alameda, was and is the owner / officer / director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

5. Defendant ALAMEDA acted directly in the interest of his company, VICTORY CONTRACTORS. Upon all available information, ALAMEDA controlled the manner in which Plaintiff performed his work and the pay he was to receive.

6. Defendants were Plaintiff's direct employers, joint employers and co-employers as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacts business in this District, because the corporate Defendant maintains an office in this District, and because most if not all of the operational decisions affecting Plaintiff's employment were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

9. At all times material to this Complaint, Defendant VICTORY CONTRACTORS has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials Including, but not limited to the following: wrenches, tow cables, flashlights, batteries, telephones, paper goods, invoice sheets, office supplies, pens, and other office and

tow-related materials. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. In particular, Defendants own and operate a home remodeling business that uses tools, machinery, equipment, lumber, and materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida before being in this District to engage in interstate commerce, in order to offer their services to their customers located throughout the State of Florida.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff his duties included but were not limited to, remodeling, painting, performing demolition work, breaking down old structures and hauling materials away in preparation for some renovation projects.

12. VICTORY CONTRACTORS upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

16. Specifically, Plaintiff performed worked for Defendants as a laborer since 2018 on and off through on or about November 18, 2019.

17. Between the period of on or about March 1, 2018, through on or about July 31, 2018, and the between the period of on or about September 16, 2019, through on or about November 18, 2019, Defendants required that Plaintiff work at different home sites throughout the State of Florida.

18. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each workday, such records are in the exclusive custody of the Defendants.

19. During Plaintiff's employment Defendants compensated Plaintiff at a rate of $150.00 per day.

20. During Plaintiff's employment, Plaintiff regularly worked twelve (12) hours per day, seven (7) days a week.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

23. Furthermore, during the last week of his employment, Plaintiff was not compensated at all for some of the hours worked.

24. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

25. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### *Wage & Hour Federal Statutory Violation against VICTORY CONTRACTORS*

28. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

29. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Since the commencement of Plaintiff's employment, VICTORY CONTRACTORS has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

31. Specifically, Plaintiff worked at least 72-84 hours during each work week in which he was employed but he was not compensated at time and a half for the hours worked over forty (40) hours.

32. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. VICTORY CONTRACTORS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). VICTORY CONTRACTORS' business activities involve those to which the Fair Labor Standards Act applies.

34. The Plaintiff's work for VICTORY CONTRACTORS likewise affects interstate commerce.

35. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a).

36. VICTORY CONTRACTORS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

37. By reason of the said intentional, willful and unlawful acts of VICTORY CONTRACTORS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

39. VICTORY CONTRACTORS never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

40. As a result of VICTORY CONTRACTORS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

41. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from VICTORY CONTRACTORS.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA / MINIMUM WAGE against VICTORY CONTRACTORS

42. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

43. During the course of Plaintiff's employment with Defendant, Plaintiff was not compensated at all for all hours worked. Plaintiff performed work for Defendant for which he was not paid.

44. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

45. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

A. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

B. Interest on the amount found due;

C. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. A jury trial on all issues so triable;

E. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

F. Such other relief as the Court deems just and proper.

## COUNT III
### *Wage & Hour Federal Statutory Violation* against ALAMEDA

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this complaint as if set out in full herein.

47. At the times mentioned, Defendant ALAMEDA was, and is now, a corporate officer of corporate Defendant, VICTORY CONTRACTORS.

48. Defendant ALAMEDA was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that ALAMEDA acted directly in the interests of Defendant VICTORY CONTRACTORS in relation its employees including Plaintiff.

49. Specifically, ALAMEDA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

50. Defendant ALAMEDA had operational control of the business and is thus jointly liable for Plaintiff's damages.

51. Defendant ALAMEDA willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## VIOLATION OF FLSA / MINIMUM WAGE *against ALAMEDA*

52. Plaintiff re-alleges and re-avers paragraphs 1–27, as fully set forth herein.

53. During the course of Plaintiff's employment with Defendant, Plaintiff was not compensated at all for all hours worked. Plaintiff performed work for Defendant for which he was not paid.

54. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

55. Specifically, in the last week of his employment, Plaintiff was not compensated at all for some of the hours worked.

56. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

A. Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

B. Interest on the amount found due;

C. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

D. A jury trial on all issues so triable;

E. Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

F. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 31st day of August 2020                Respectfully submitted,

By: */s/ Nathaly Saavedra.*
Nathaly Saavedra, Esq.
Florida Bar No. 118315
nathaly@Peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.    (786) 650-0200
Attorneys for Plaintiff