UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-25008-MARTINEZ/OTAZO-REYES

ALBERTO MOJICA,

    Plaintiff,

vs.

VICTORY CONTRACTORS, INC., and
MANUEL ALAMEDA,

    Defendants.
_____/

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, ALBERTO MOJICA (hereinafter "Mojica" or "Plaintiff") by and through the undersigned counsel, and states that Plaintiff is entitled to summary judgment as to the below described issues pursuant to Southern District Local Rule 56.1 and Federal Rules of Civil Procedure 56. Plaintiff moves for summary judgment on the following issues:

1. Defendant Victory Contractors Inc., is an enterprise covered under the Fair Labor Standards Act (hereinafter "FLSA" or "The Act");

2. Defendant Manuel Alameda was an employer under the FLSA; and

3. Plaintiff was an employee and not an independent contractor.

1

The record demonstrates that there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law on these three issues, all as set forth in detail in the accompanying Brief.

Dated: October 16, 2020                         Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-25008-MARTINEZ/OTAZO-REYES

ALBERTO MOJICA,

    Plaintiff,

vs.

VICTORY CONTRACTORS, INC., and
MANUEL ALAMEDA,

    Defendants.
_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Plaintiff, ALBERTO MOJICA, and files the following Brief in support of his Motion for Partial Summary Judgment against VICTORY CONTRACTORS INC., (hereinafter "Victory Contractors" or "Corporate Defendant") and MANUEL ALAMEDA (hereinafter "Alameda" or "Individual Defendant") (collectively "Defendants").

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, and exhibits show there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. *Id*. Once the moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial.'" M*atsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the

light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (*citing First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact"). As the questions presented by this Motion regarding Plaintiff's claims are almost exclusively questions of law and there are no genuine disputes of material fact, Plaintiff's claims can appropriately be decided on summary judgment.

## ARGUMENT

I. **DEFENDANT VICTORY CONTRACTORS INC., IS AN ENTERPRISE COVERED UNDER THE FAIR LABOR STANDARDS ACT**

To establish a claim for unpaid overtime and minimum wages under the FLSA, a plaintiff employee must establish one of two types of coverage under the Act: (1) "enterprise coverage," which applies to the defendant employer, or (2) "individual coverage," which applies to the plaintiff employee. *Martinez v. Palace*, 414 F. App'x 243, 244-45 (11th Cir. 2011) (*citing* 29 U.S.C. §§ 206(a), 207(a)(1)); *see also Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). Here, the evidence is undisputed that the Victory contractors is an enterprise covered by the FLSA and Plaintiff is entitled to summary judgment on this issue.

For "enterprise coverage" to apply under the FLSA, the employer must have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). Furthermore, the employer must have annual gross volume of sales made or business done in excess of $500,000.00 during the plaintiff's employment. See 29 U.S.C. § 203(s)(1)(A)(ii).

As to the first element, it is well settled that the handling clause, creates an independent basis for coverage under the FLSA. *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217, 1221 (11th Cir. 2010) (*citing* Pub. L. No. 93-259).Under this analysis, an enterprise meets the first prong if it has employees that handle, sell, or work on "good or materials" that are moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A)(i). In this case, there is no dispute that at all times material to the Complaint, Victory Contractors was in the business of refurbishing homes. See Pl. SOUF at ¶ 3. By Defendants' own admission, Victory Contractors used tools, machinery, equipment, and materials such as lumber, that were previously placed in the stream of commerce from outside the State of Florida before being in this district, in order to offer their services to their customers located throughout the State of Florida. See Pl. SOUF at ¶¶ 3, 18. Furthermore, the evidence unequivocally shows that in 2018 and 2019, there were at least two (2) individuals who performed handymen tasks, on behalf of the Victory Contractors. Pl. SOUF at ¶¶ 5-7. The handymen working for Victory Contractors, traveled to the different locations within the state and performed refurbishing work per Alameda's instructions. Pl. SOUF at ¶¶ 4, 14 and 15. Specifically, the work performed included but was not limited to: painting, fixing walls, placing crown molding, flooring, replacing light fixtures, doorknobs, some plumbing. Pl. SOUF at ¶3. Handymen, like Plaintiff, would perform the work described on behalf of Victory Contractors using tools and materials that Defendants bought from Home Depot or Lowes' for each project. Pl. SOUF at ¶¶ 3, 10, 11, 18. Materials that have a "significant connection to the employer's

business purposes." Therefore, it is undisputed that Victory Contractors meets the first requirement of enterprise coverage under the FLSA. *Polycarpe*, 616 F.3d at 1227. As it relates to the second element, Victory Contractors has admitted that during the relevant time (2018 and 2019) the gross sales exceeded $500,000 annually. Pl. SOUF at ¶ 26.

The admissions in the Defendants' Answer are dispositive because they are deemed judicial admissions and therefore are binding on the party who makes them. *See Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."); *see also Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990) ("[A]dmissions in the pleadings ... are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended."). Consequently, where a defendant admits a particular fact in his answer, he is estopped to deny it later. *See White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983). In light of these principles, Victory Contractors cannot retract its earlier admissions that at all relevant times, it engaged in interstate commerce and its gross sales exceeded $500,000 annually. Pl. SOUF at ¶¶ 3, 26. Victory Contractors, is therefore, bound to the allegations admitted and the testimony rendered and as a result cannot create an issue of fact with a denial. *See Tri-Lady Marine, Ltd. v. Bishop Mechancial Servs., LLC*, 2018 WL 10466997, at *4 (S.D. Fla. Sept. 20, 2018), aff'd *Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, 763 F. App'x 882 (11th Cir. 2019) ("Tri-Lady is bound by the allegations in its Complaint, and cannot create a disputed issue of material fact by now denying applicability of the Terms and Conditions in opposition to summary judgment.") (*citing In re Summit United Serv., LLC*, 2005 WL 6488106, at *4 (Bankr. N.D. Ga. Sept. 19, 2005) (granting partial summary judgment, in part because plaintiff relied on validity of contract in its complaint

6

and "cannot now argue that it was not bound by the terms of the [contract].")). Thus, Plaintiff is entitled to summary judgment as a matter of law on this issue.

## II.     DEFENDANT MANUEL ALAMEDA IS AN EMPLOYER UNDER THE FLSA

The FLSA defines "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has held that "the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (*citing Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)). Therefore, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38 *citing Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983). "'Operational control means management of day-to-day business functions such as employee compensation, 'direct responsibility for the supervision' of employees, or general operations.'" *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (*quoting Baltzley v. Berkley Grp., Inc.*, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010)).

"A supervisor's ownership interests in the corporation and control over the corporation's day-to-day functions are relevant to [whether the individual is an employer] because they are indicative of the supervisor's role in causing the violation." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). However, the "primary concern is the supervisor's role in causing the FLSA violation" and "to support individual liability, there must be control over 'significant aspects of the company's day-to-day functions, including compensation of employees

or other matters in relation to an employee.'" *Id*. at 1314 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 515 F.3d 1150, 1160 (11th Cir. 2008)).

By Defendants' own admission, Alameda is the sole corporate officer, president, and owner of the operations of the Victory Contractors during the relevant period. Pl. SOUF ¶ at 2. Since the inception of the business, Alameda is involved in the day to day operations of Victory Contractors which was at all relevant times a covered enterprise. *See Supra Section I*. Specifically, Alameda was in charge of daily tasks such as: receiving the work orders from clients; finding a handyman for each job; setting the schedule and the pay for each handyman; provide materials needed for each job; review and approve the final work; and issue payment to each handyman upon completion of the work. Pl. SOUF at ¶¶ 8, 13-16, 19, 22. The record, unequivocally corroborates that Alameda was intricately involved in the day to day operation of Victory Contractors and had direct responsibility for the supervision of the handymen he hired, including Plaintiff. Pl. SOUF at ¶¶ 22-25; 32-42. Furthermore, throughout his deposition, Alameda repeatedly referred to himself as Plaintiff's employer; recognized liability for the work performed by handymen on Victory Contractors' behalf; and attested that he issued 1099 and referred to Plaintiff as an independent contractor to avoid the complications of dealing with employees. Pl. SOUF at ¶¶ 9, 12, 31. As a result of these undisputed facts and the legal conclusions they dictate, summary judgment on this point must be granted in favor of Plaintiff. Individual Defendant Alameda is an employer under the FLSA, and Plaintiff is entitled to summary judgment on this issue.

### III. PLAINTIFF WAS DEFENDANTS' EMPLOYEE UNDER THE FLSA AND NOT AN INDEPENDENT CONTRACTOR

The provisions of the FLSA define "employees," as "any individual employed by an employer." 29 U.S.C. §203(e)(1). But this broad definition does not include independent contractors within the FLSA's scope. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th

Cir. 2013) (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728-29 (1947)); *see also Murray v. Playmaker Services, LLC*, 512 F. Supp. 2d 1273, 1276 (S.D. Fla. 2007) ("The FLSA does not apply to independent contractors."). Whether an individual qualifies as an employee or an independent contractor is a question of law for the Court. *Anterior v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). "This inquiry is not governed by the 'label' put on the relationship by the parties" *Scantland*, 721 F.3d at 1311 citing Rutherford Food, 331 U.S. at 729, 67 S.Ct. at 1476. "[P]utting on an 'independent contractor' label does not take the worker from the protection of the Act." *Id.*; *see also Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1312 (5th Cir.1976) ("It is not significant how one 'could have' acted under the contract terms. The controlling economic realities are reflected by the way one actually acts."). Therefore, to make this determination, courts inquire into the "'economic reality' of the relationship between the alleged employee and the alleged employer and whether that relationship demonstrates dependence." *Scantland*, 721 F.3d at 1311. The "economic realities test" includes six factors, discussed in detail below. No single factor is dispositive, and courts may consider any combination of factors that accurately reflects the economic reality of the relationship. *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470 (11th Cir. 1982).

### A. The Nature and Degree of The Alleged Employer's Control as To the Manner in Which the Work is to Be Performed

The first factor considers the degree of the alleged employer's control over the manner in which work is to be performed. *Scantland*, 721 F.3d at 1312. "Control arises when the purported employer goes beyond general instructions and begins to assign specific tasks, to assign specific workers, or to take an overly active role in the oversight of the work." *Diego v. Victory Lab, Inc.*, 282 F. Supp. 3d 1275, 1281 (S.D. Fla. 2017)*; see also Robles v. RFJD Holding Co., Inc.*, 2013

WL 2422625, *4 (S.D. Fla. June 3, 2013)("When an alleged employer provides specific direction for how workers, particularly low skilled workers, are to perform their jobs, courts have weighed the control factor in favor of employee status.") (internal quotation marks and citations omitted). "The nature and degree of an alleged employer's control over work performance matters to the extent that 'it shows that an individual exerts such control over a meaningful part of the business that [they] stand as a separate economic entity.'" *Artola v. MRC Express, Inc.*, 14-CV-23219, 2015 WL 12672722, at *6 (S.D. Fla. Sept. 25, 2015) *quoting Usery v. Pilgrim Equip. Co., Inc*, 527 F.2d 1308, 1313-14 (5th Cir. 1976).

In the light most favorable to the Defendants, the facts of this case indicate that the Defendants exercised oversight and control over Plaintiff "such that [he] did not stand as [a] separate economic entit[y] who [was] in business for [himself]." *Scantland*, 721 F.3d at 1313(citations omitted). Specifically, the Defendants admitted that they controlled Plaintiff's work. Pl. SOUF at ¶¶ 32-42. Specifically, Alameda controlled Plaintiff's schedule, ensure that he arrived on time, and controlled the manner the tasks were completed. Pl. SOUF at ¶¶ 32, 39 and 40. During a period of 2018, Arias, one of the Defendants' handymen, gave Plaintiff tasks and instructions on behalf of Alameda. Pl. SOUF at ¶¶32, 33. However, throughout the day these tasks would be reviewed and approved by Alameda based on his subjective standard. Pl. SOUF at ¶¶ 32, 33, 39, 40. Because Plaintiff was instructed and assigned tasks throughout the day by the Defendants, this factor weighs in favor of employee status.

### B. Opportunity for Profit or Loss

"The second factor considers the alleged employee's opportunity for profit or loss depending upon his managerial skill." *Scantland*, 721 F.3d at 1316. This factor indicates independent-contractor status where the opportunity for profit or loss is dependent on managerial skills "such

as initiative, judgment and foresight." *Artola*, 2015 WL 12672722, at *7. Nevertheless, an opportunity for profit or loss based "on the worker's efficiency or technical efficiency are not particularly meaningful in distinguishing between employees and independent contractors." *Id.*

The Defendants cannot dispute that Plaintiff had no opportunity to increase his profit while working for the Defendants. Specifically, Plaintiff was compensated a rate of $150.00 per day. Pl. SOUF at ¶¶ 34, 37. During his deposition, Alameda admitted that Plaintiff could not take on more responsibility or more work based upon Plaintiff's own managerial initiative. Pl. SOUF at ¶¶ 40, 41. Regardless of the amount of projects Plaintiff worked in a day, the work performed, or the number of hours worked, Plaintiff was compensated the same amount per day. Pl. SOUF ¶ 40. In fact, Alameda recognized that in at least one occasion, Plaintiff worked on additional tasks without being asked to do them, while he waited for Alameda to give instructions on the work he was assigned. Nevertheless, this additional work did not represent additional profit for Plaintiff. Pl. SOUF ¶ 41. Rather, Plaintiff's profit was calculated solely based on the amount of days he was assigned work which was at Alameda's sole discretion. Pl. SOUF at ¶¶ 37, 40, 41. Therefore, this factor weighs clearly and strongly toward employee status.

### C. Investment in Equipment or Materials

"The third factor considers the alleged employee's degree of investment in equipment or materials." *Scantland*, 721 F.3d at 1317. "Courts may find independent contractor status when a worker invests in equipment or materials required for completing his tasks or hires other workers to assist him in the completion of his tasks." *Maldonado v. Callahan's Express Delivery, Inc.*, No. 8:13–cv–292–T–33AEP, 2018 WL 398724, at *5 (Jan. 12, 2018).

Although Plaintiff owned some tools, he did not have all of the tools necessary to perform every job. Pl. SOUF ¶¶ 11, 42. In fact, by Alameda's own admission, in more than one occasion,

11

Defendants purchased some tools for Plaintiff if he did not have them, or let Plaintiff use his own tools to perform the work assigned. Pl. SOUF at ¶42. Furthermore, at all times of the working relationship, Defendants were solely responsible for the purchase of materials needed for each job. Pl. SOUF at ¶18.  Lastly, although Plaintiff was allowed by Defendants to bring help to complete projects assigned, Alameda had to approve the assistance and the work was subjected to the review and approval of Alameda. Pl. SOUF ¶¶ 21, 22, 23. To the extent Plaintiff's ability to recruit other workers to assist him in completing an assignment, weighs in favor of independent contractor status, the weight is weakened by the control Defendants exercised over the manner in which the work was completed.

### D. Special Skill

The fourth factor considers the amount of special skill required to complete the alleged employee's duties and tasks. *Scantland*, 721 F.3d at 1312. The "utilization of initiative and the employment of special skills indicates independent contractor status." *Artola*, 2015 WL 12672722, at *8. "A worker with unique skills and the opportunity to exercise initiative is more likely to be able to operate as an independent business entity than an interchangeable worker who completes routine tasks." *Id*. Accordingly, "[a] lack of specialization indicates that an individual is an employee, not an independent contractor." *Maldonado*, 2018 WL 398724, at *6 (*quoting Molina v. S. Fla. Express Bankserv, Inc*., 420 F. Supp. 2d 1276, 1286 (M.D. Fla. 2006)).

The record undoubtedly renders the conclusion that Plaintiff was a low skilled worker. Plaintiff's duties included patching walls, painting, and minor leak repairs. Pl. SOUF ¶ 3. The commonality of his skills is evidenced on the fact that Defendants have a rolodex of 60-70 handymen that can do the work required. Pl. SOUF at ¶ 7.   It is undisputed that the Defendants did not require any of his handymen like Plaintiff to have special training, licenses, or insurances

as a condition of their hiring. Pl. SOUF at ¶¶ 7, 9. Moreover, Defendants' testimony is that Plaintiff did not have any special skills. Pl. SOUF at ¶ 7. Therefore, this factor also indicates Plaintiff was an employee.

### E. Permanence and Duration

"The fifth factor considers the degree of permanency and duration of the working relationship". *Scantland*, 721 F.3d at 1318. Generally, a longer, more permanent working relationship weighs toward employee status, whereas a finite, non-exclusive work relationship is indicative of independent contractor status because they allow for more economic independence. *Artola*, 2015 WL 12672722, at *9.

Here, this factor also points strongly toward employee status. Although a factual dispute as to the number of hours and days worked by Plaintiff exists, Defendants cannot deny that Plaintiff performed work on their behalf for weeks at a time during 2018 and 2019. Pl. SOUF ¶32. The evidence unambiguously establishes that Plaintiff continuously worked for Defendants for weeks at a time in 2018 and 2019 depending upon the need of Defendants. Pl. SOUF at ¶¶ 4, 5, 32, 36, 37. However, for most of his employment, Plaintiff had no other job and was completely economically dependent on Defendants. Plaintiff's tenure of two years working as a handyman is lengthy and permanent. Even if Plaintiff performed work with other companies when he was not working for the Defendants, it is well settled that a second job is insufficient to deem a worker an independent contractor. *See Robles*, 2013 WL 2422625, at *5 ("employees are generally free to increase their individual profit by taking on second jobs without undermining their FLSA-employee status with the first employer.").

### F. Integral Part of Alleged Employer's Business

The sixth and final factor considers the extent to which the alleged employee's services are integral to the alleged employer's business. *Scantland*, 721 F.3d at 1319. "[W]hen the business's continuation depends integrally upon the performance of certain work, *the worker who performs that work* is more likely to be considered an employee and not an independent contractor." *Zouai v. Evans*, Case No: 14-23936-CIV-MORENO, 2015 WL 4768293, at *4 (S.D. Fla. Aug. 11, 2015) (emphasis added). This factor also weighs in favor of finding an employer-employee relationship in this case.

It is irrefutable that the work performed by Plaintiff was an integral part of Defendants' business. Pl. SOUF at ¶¶ 5-6. Without the handymen that Defendants label as "independent contractors," Victory Contractors would be a home repair business without anyone to do the repairs. Pl. SOUF at ¶ 6. *See Scantland*, 721 F.3d at 1319 (noting that "if plaintiffs' were independent contractors, then the company would retain far less control over the business"); *Garcia v. Pajeoly Corp.*, Case No. 18-cv-23399-CIV-Scola, 2019 WL 4540745 at *5, (S.D. Fla. Sep. 19, 2019)(recognizing that "[w]ithout [cooking] the restaurant would not be able to operate."). It simply contradicts logic to claim that a company whose sole purpose was to provide refurbishing services can exist without those individuals that actually do the handyman work. Defendants simply cannot deny this reality. Pl. SOUF at ¶ 6.

The undisputed facts indicate that Plaintiff was an employee. Defendants cannot rely on any of the six factors to assert that Plaintiff was an independent contractor. When all the facts are viewed in the light most favorable to the Defendants, the economic reality of the situation shows that Plaintiff was not independent contractor but, instead, "dependent upon the business to which they render

service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947). Summary judgment thus must be entered in favor of Plaintiff on this issue because Plaintiff was an employee protected by the FLSA.

## CONCLUSION

Conclusively, the evidence reflects that: 1) Victory Contractors is a covered enterprise; 2) Alameda is Plaintiff's individual employer; and 3) Plaintiff is an employee of Defendants. **WHEREFORE**, based foregoing undisputed material facts and legal precedent, Plaintiff respectfully requests that this Honorable Court grants the instant Motion for Partial Summary Judgment in its entirety.

Dated: October 16, 2020          Respectfully submitted,

                                               **PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Nathaly Saavedra
Nathaly Saavedra, Esq.

## **SERVICE LIST**

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.   (786) 650-0202
Fax.   (786) 650-0200
Email: office@peregonza.com
Email: nathaly@peregonza.com

*Counsel for Plaintiff*


**HOWARD BRODSKY, ESQ.**
4551 Ponce de Leon Blvd.
Coral Gables, Florida 33146
305-858-9020 Tel
305-858-6097 Fax
geraldtobinpa@aol.com

Counsel for Defendants

Method of Service: CM/ECF Notice